IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKY SWEET,

    Plaintiff,

vs.                    CASE NO. 4:07cv484-MP/AK

HENRY BOYD,

    Defendant.

_____/

**O R D E R**

In support of their motion to dismiss, Defendant has submitted matters outside the pleadings which he wants the Court to consider in determining whether dismissal of this case is warranted. (Doc. 12).

In reviewing this case, the Court anticipates considering the matters which have been attached by Defendants to the motion to dismiss. Thus, under Rule 12(b), Federal Rules of Civil Procedure, the motion to dismiss will be converted into a Rule 56 motion for summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a

trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. 477 U.S. at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e).

The Court will take the newly converted motion for summary judgment under advisement on **September 7, 2008.** Plaintiff is herein advised that he should file a response with evidentiary materials **on or before July 21, 2008. If Plaintiff determines that some discovery is necessary before filing this response he shall file a motion for discovery by this date (July 21, 2008) and attach all proposed discovery.**

Accordingly, it is **ORDERED:**

1.  The parties are advised that the motion to dismiss (doc. 12) will be converted to a motion for summary judgment and considered under the applicable standards for such motions as outlined in this Order.

2.  That the motion will be taken under advisement on **September 7, 2008,** and a report and recommendation will be entered after that date.  Plaintiff should file his response to the motion or a motion for discovery to support his response on or before **July 21, 2008.**

**DONE AND ORDERED** this  7th  day of July, 2008.

> *s/ A. KORNBLUM*
> **ALLAN KORNBLUM**
> **UNITED STATES MAGISTRATE JUDGE**