**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**RICKY SWEET,**

      **Plaintiff,**

**vs.**                                                                                   **CASE NO. 4:07CV484-MP/AK**

**HENRY BOYD,**

      **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that

Defendant retaliated against him. (Doc. 1). Defendant has filed a motion for summary

judgment (doc. 27), as has Plaintiff. (Doc. 25). Plaintiff has also responded to

Defendant's motion for summary judgment. (Docs. 26 and 30).

**I.      Allegations of the Complaint (doc. 1)**

Plaintiff claims that during December 2006 and January 2007 he filed several

grievances concerning the food operations at Wakulla CI, which angered Defendant,

Assistant Warden Boyd. Plaintiff alleges that Defendant confronted him and threatened

to transfer him to another institution if he did not withdraw the grievances. This incident

allegedly occurred in front of two witnesses, Sherry Albritton and Connice West.

Plaintiff withdrew the grievances about food services, but filed one about the reprisal.

Since the retaliation he has suffered fear, humiliation, emotional distress, and stomach upset.  He seeks a declaratory judgment and compensatory and punitive damages.

## II.    Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cir. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

**No. 4:07cv484-MP/AK**

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " <u>Owen v. Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, <u>Celotex</u>, <u>supra</u> at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  <u>Gauck v. Meleski</u>, 346 F.2d 433, 436 (5th Cir. 1965).

## III.    Defendant's Rule 56(e) evidence

a)    <u>Inmate Information (exhibit A)</u>

Information shows that Plaintiff was in Wakulla CI at the time the complaint was filed. [independent verification by the Court shows Plaintiff is still in Wakulla on this date]

b)    <u>Affidavit of Henry Boyd (exhibit B)</u>

Defendant Boyd is still the Assistant Warden of Programs at Wakulla CI and recalls no conversation with Plaintiff about grievances concerning food service nor did he threaten him with a transfer.

**No. 4:07cv484-MP/AK**

c)      Inmate Movement/Transfer History (exhibit C)

History shows Plaintiff has been at Wakulla since July 20, 2005.

d)      Informal Grievance dated September 15, 2007 (exhibit D)

Plaintiff complains that the lunch "on Saturday" was different from the menu, which he contends violates regulations.  The response was that the substitutions were "allowable."

e)      Grievance of Reprisal dated September 16, 2007 (exhibit E)

Plaintiff filed this grievance alleging that Defendant Boyd threatened to transfer him if he kept filing grievances.

f)      Response to Grievance of Reprisal (exhibit F)

It was not accepted as a grievance of reprisal and S. Albritton and Boyd denied that the incident occurred.

g)      Appeal of Informal Grievance dated 9/15/07 (exhibit G)

Plaintiff insists that the "master menu" must be adhered to and that substitutions violate his due process rights because he has a "legitimate expectation of receiving the items listed on the master menu."

h)      Appeal Denied (exhibit H)

i)      Informal Grievance dated October 1, 2007 (exhibit I)

Plaintiff complains that he was ordered to mow the grass for talking in line and this violates his due process rights.  The response was that no investigation into the matter could be made without the officer's name.  This was appealed, and the appeal was denied.

**No. 4:07cv484-MP/AK**

j)      Appeal to Secretary of Informal Grievance dated 9/15/07 (exhibit J)

Plaintiff again complains that the master menu must be adhered to, which was again denied.

k)      Affidavit of Sherry Allbritton (exhibit K)

Ms. Albritton explains that she is a Secretary Specialist with the FDOC, and denies being a witness to any of the claims Plaintiff makes with regard to the icident with Defendant Boyd.

l)      Internal Movements As of 10/15/08 (exhibit L)

Plaintiff was changed from an education aide to Law Clerk on 10/19/2006, and then to Inside Grounds on May 24, 2007.

m)      Institutional Team Docket dated May 24, 2007 (exhibit M)

Shows that Plaintiff was fired by Officer Burns.  No cause given.

n)      Grievance Log Search (exhibit N)

Shows that the first grievances concerning the menu were filed on 11/5/2007[1], and were returned denied.

o)      Affidavit of Rebecca Padgham (exhibit O)

Ms. Padgham has reviewed the grievance records and found that between May 20, 2006, and September 19, 2007, there were no grievance appeals and the first grievance of reprisal was filed on September 19, 2007.

---

[1]  There is no explanation for the variances in the dates on the grievances and the log history, but the Court will accept the dates written on the grievances as the actual dates they were written and submitted.

**No. 4:07cv484-MP/AK**

**IV.     Plaintiff's motion and response** (docs. 25, 26 and 30).

a)     <u>Plaintiff's Affidavit (doc. 26)</u>

Plaintiff re-alleges that the incident with Defendant Boyd took place in February 2007, after he wrote two grievances complaining about food service operations in December 2006 and January 2007.  He also re-alleges that Sherry Albritton and Connice West were present during the incident.  He also complains that the incident caused him stomach pains for a week, lack of sleep, with difficulty concentrating.  He also attests that after the incident he reduced the number of grievances he filed because of Defendant Boyd's threats.

b<u>)     Letter dated 9/11/2007 (doc. 30, exhibit A)</u>

Letter to Florida Supreme Court refers to food services issues and that nearly twenty grievances had been sent to Defendant Boyd causing him to threaten Plaintiff.

c)     <u>Defendants Answers to Plaintiff's Interrogatories (exhibit B)</u>

Defendant Boyd has no knowledge of any incident with Plaintiff.

**V.     Analysis**

A claim that a plaintiff was penalized for the exercise of a specific constitutional right is properly considered under the First Amendment.  <u>See</u> <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 387 (6th Cir. 1999) (<u>en</u> <u>banc</u>).  It is well settled law that the First Amendment protects inmates from retaliation by prison officials for filing administrative grievances and lawsuits.  <u>Green v. Mowery</u>, 212 Fed. Appx. 918, 919 (11th Cir. 2006); <u>Redd v. Conway</u>, 160 Fed. Appx. 858, 862 (11th Cir. 2005).  To state a retaliation claim, a plaintiff must establish three elements: (1) that his speech or act was constitutionally

protected; (2) that the defendants' retaliatory conduct adversely affected the protected speech or act; and (3) that there is a causal connection between the retaliatory actions and the adverse affect.  Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).  The Eleventh Circuit has adopted an objective test as the standard for determining whether there has been an adverse affect.[2]  Id., at 1251.  Under this analysis "a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights."  Id., at 1250, quoting Constantine v. Rectors and Visitors of George Mason Univ., 411 F.3d 474 (4th Cir. 2005).  This test is applicable to prisoners' claims of retaliation as well.  Bennett, supra at 1253, n.6.

A plaintiff bears the burden of proof on all three elements.

Plaintiff has carried his burden as to the first element, he clearly has a First Amendment right to file grievances.  See Green, supra and Redd, supra.

Further, accepting his allegation as true that Defendant threatened him with a transfer which would place him away from all his family, the Court finds that this would constitute a sufficient adverse consequence as to meet the second Bennett requirement, that such a threat would likely deter a person of "ordinary firmness" from filing more grievances.  Wood v. Valentino, 2007 WL 1427045 (M.D. Fla. 2007). Assistant Warden Boyd was certainly in a position of significant authority to carry out such a threat.  See  Pittman v. Tucker, 213 Fed. Appx. 867, 871 (M.D. Fla. 2007).

---

[2]  A minority of circuits apply a subjective test under which the Plaintiffs have to show that they were actually chilled in the exercise of their First Amendment rights, but the Eleventh Circuit specifically declined to adopt this standard in favor of the majority view.  Bennett, supra at 1251.

**No. 4:07cv484-MP/AK**

However, Plaintiff fails to carry his burden of establishing the third element, that of a causal link between the grievance filing and the alleged threat. Plaintiff's history of the events is not supported by any evidence.[3] He complains that his grievance writing in December 2006 and January 2007 was the cause for Defendant's retaliation. In his letter to the Florida Supreme Court, (doc. 30, exhibit A), written on September 11, 2007, Plaintiff states that he wrote over 20 grievances on Defendant Boyd. He has provided none of these to this Court. In fact, the evidence provided by the Defendant, which Plaintiff does not address and explain, establishes that he filed **no** grievances against Defendant Boyd for months prior to the alleged incident. Plaintiff's grievance about the food menu, which was, according to Plaintiff, the catalyst for the retaliation, was filed **seven** months **after** the alleged incident. Although Plaintiff alleges that he was so in fear of retaliation that he was unable to sleep and had severe stomach problems, he also waited **seven** months after the alleged threat to file a grievance of reprisal.

Plaintiff's motive in contriving this lawsuit is perplexing in light of the fact that he has **never** been transferred and remains at Wakulla to this day. Assessing the bare facts, it appears that one Saturday for lunch Plaintiff wanted cole slaw and got salad instead, and he determined to create from this frivolous event a retaliation claim that would garner some attention from the Court.

_____

[3] A prisoner may show a causal connection between the first amendment exercise and the retaliation by alleging "a chronology of events that creates a plausible inference of retaliation." O'Bryant v. Finch, 2008 WL 691689 (N. D. Fla.), *citing* Cain v. Lane, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988). The temporal proximity of retaliatory behavior to the filing of a grievance may serve as circumstantial evidence of retaliation. Id., *citing* Gayle v. Gonyea, 313 F.3d 677, 683-84 (2nd Cir. 2002).

**No. 4:07cv484-MP/AK**

The Florida legislature has enacted a remedy for this.

Florida Statute §944.279(1) provides for the following sanctions when a prisoner

is found to have brought a frivolous or malicious suit involving false information:

> At any time, and upon its own motion or on motion of a party, a court may
> conduct an inquiry into whether any action or appeal brought by a prisoner
> was brought in good faith. A prisoner who is found by a court to have
> brought a frivolous or malicious suit, action, claim, proceeding, or appeal
> in any court of this state or in any federal court, which is filed after June
> 30, 1996, or to have brought a frivolous or malicious collateral criminal
> proceeding, which is filed after September 30, 2004, or who knowingly or
> with reckless disregard for the truth brought false information or evidence
> before the court, is subject to disciplinary procedures pursuant to the rules
> of the Department of Corrections. The court shall issue a written finding
> and direct that a certified copy be forwarded to the appropriate institution
> or facility for disciplinary procedures pursuant to the rules of the
> department as provided in s. 944.09.

However, prior to imposing such sanctions the Court must afford Plaintiff fair notice that

his conduct may warrant sanctions and the reasons why. See In re Mroz, 65 F.3d 1567,

1575 (11th Cir. 1995). Notice and the reasons why are set forth herein, and Plaintiff is

hereby given an opportunity to respond by filing Objections to this Report and

Recommendation, within the time frame set forth below.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

Motion for Summary Judgment (doc.27) be **GRANTED**, and that Plaintiff's motion for

summary judgment (doc. 25) be **DENIED**, and that the complaint (doc. 1) be

**DISMISSED** for failure to state a claim upon which relief may be granted and as

frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the clerk of court to note on the docket that this

**No. 4:07cv484-MP/AK**

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and constitutes a

"strike" within the meaning of 28 U.S.C. §1915(g).

It is further recommended that the Order adopting these recommendations

include a finding that Plaintiff knowingly brought false information before the Court,

which shall be sent by certified copy to the Florida Department of Corrections for

appropriate disciplinary sanctions pursuant to Florida Statute §944.279(1).

**IN CHAMBERS** at Gainesville, Florida, this  __*14th*__  day of January, 2010.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.


**No. 4:07cv484-MP/AK**